Downing *v.* Risley.

---

HANNAH B. DOWNING and SARAH B. DOWNING *vs.* DAVID RISLEY and SARAH P. MORSE.

On a bill filed by the heirs-at-law of a deceased vendee by parol contract against a purchaser claiming by a subsequent deed from the vendor, charging such purchaser with notice of the parol contract of sale, and praying a decree for specific performance against such purchaser, it was *held* that the administrator of the vendee was a necessary party to such a suit where the personal estate was small, the estate still unsettled, and it does not appear that the debts of the deceased vendee have been paid.

The administrator is not only liable for the purchase money, and interested in disputing the contract, but he has an equitable interest on behalf of creditors in the real estate of his intestate paramount to that of the heirs. All persons interested in the contract should be made parties to the proceeding.

The fact that the heirs are also *bona fide* creditors of the vendee, however

it may strengthen their claim to equitable relief, cannot aid the defect in the bill for want of parties.

The defendant did not take his title directly from the vendor, but from one S. P. M., to whom the vendor made title, and who was originally a party to the bill, but died pending the suit. It appeared,. however, that S. P. M. was a mere trustee for the defendant. *Held* that the conveyance by S. P. M. to the defendant was a mere execution of the trust, and that it was unnecessary to make the representatives of S. P. M. parties to the suit.

There is no. difficulty in enforcing the specific performance .of the contract against the alienee of the vendor. Where the alienee has notice of the original contract at the time of the alienation, he is liable to its performance at the suit of the vendee. If he is a purchaser with notice, he is liable to the same equity, stands in his place, and is bound to do that which the person he represents would be bound to do by the decree.

*Browning*, for complainant *ex parte*.

THE CHANCELLOR. The bill charges that, in the year 1854, Benjamin C. Downing, by a parol agreement, purchased of John Leeds, for the consideration of $200, a lot of land in Atlantic City; that with the consent of the vendor, and in part performance of the contract, the purchaser entered into possession, and erected upon the premises, at a cost of about $3000, a boarding house, and continued in possession thereof till his death; that no deed was made to the purchaser, but that in 1859, David Risley, without the knowledge of the purchaser, fraudulently procured a deed for the premises to be made by Leeds, the vendor, to Sarah P. Morse, and by Sarah P. Morse to himself. Downing, at the time of these conveyances, was in possession of the premises, and both Risley and Morse well knowing the agreement for the purchase by Downing and his equitable title to the premises. The bill prays that Risley may be decreed to convey the premises to the complainants, upon the payment to him of the purchase money with interest. Downing, the purchaser, died intestate and in possession of the premises.

Without calling in question the title of the complainants to equitable relief, I think the bill is defective for want of parties. The bill is filed by the heirs of the vendee. It ap-

pears, by the bill, that administration has been granted upon his estate in the county of Atlantic, and that his personal estate is very small. It does not appear that the estate has been settled, or that his debts have been paid. Under such circumstances it is necessary that the administrator should be a party to the bill. He has an interest in disputing the contract, and is the party liable to pay the purchase money. *Buckmaster* v. *Harrop,* 7 *Ves.* 341; *Fry on Spec. Perf.,* § 118.

If the bill had been filed by the vendor for the specific performance of the contract, there can be no doubt that the personal representative must have been made a party. He alone, and not the heirs, would have been liable for the purchase money.

The difficulty is not overcome by the offer, on the part of the complainants, to pay the purchase money. The administrator is not only liable for the purchase money, and interested in disputing the contract, but he has himself, by our law, an equitable interest in behalf of the creditors paramount to that of the heirs. Upon a deficiency of the personalty, the real estate is assets for the payment of debts. It devolves upon the heirs charged with that encumbrance. It may be sold at the instance of the administrator. All persons interested in the contract should be made parties to the proceeding.

This principle was recognized and applied in *Anshutz's appeal,* 34 *Penn. St. R.* 375. In that case application was made, by the administrator of the vendor, to enforce the specific performance of the contract against an heir of the vendee, who had purchased in the interest of the other heirs. It was held that the administrator and the heirs of the vendor, and all persons deriving title from them or interested in the contract, should be made parties to the proceeding, and that notice should also be given to the heirs of the vendor.

There is an allegation in the bill that the complainants are creditors, as well as heirs of the purchaser, having advanced a large sum of money to aid in the erection of the

house built upon the premises. But it is not alleged that they are judgment creditors, or that they have any lien upon the land, legal or equitable, which can give any preference over other creditors of the intestate.

The bill is not in the nature of a creditor's bill for the benefit of all the creditors, or of such as will unite in the suit, but is filed for the benefit of the complainants alone. It is not perceived that the fact of their being *bona fide* creditors of the purchaser, however it may strengthen their equitable claim to relief, can aid the defect in the bill for want of parties.

Sarah P. Morse has died since the institution of the suit. I do not perceive that she had, at the time of her death, any transmissible interest in the premises, or that, under the frame of the bill, it is necessary to make her representatives parties to the suit. If it be true, as charged in the bill, that the consideration of the conveyance from Leeds to Sarah P. Morse was advanced by Risley, there was an implied trust in his favor. The land was held by the grantee in trust for Risley. The conveyance to Risley, with or without consideration, was a mere execution of the trust.

The exhibits have not been furnished to me, but it is assumed that the deed from Sarah P. Morse to Risley is without covenants of warranty.

There is no difficulty in enforcing the specific performance of the contract against the alienee of the vendor. Where the alienee has notice of the original contract at the time of the alienation, he is liable to its performance at the suit of the purchaser. If he is a purchaser with notice, he is liable to the same equity, stands in his place, and is bound to do that which the person he represents would be bound to do by the decree. *Taylor* v. *Stibbert*, 2 *Vesey, jun.* 439; *Fry on Spec. Perf.*, § 135, 137.

I purposely avoid the intimation of any opinion upon the question, whether, as general creditors, the complainants might enforce the performance of the contract: and if so,

whether that may be done for their own benefit, in exclusion of other creditors. It is enough to say that the bill is not framed in that aspect.